UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CASEY MAURICE KIRKPATRICK, #303604, | ) ) ) | Civil Action No. 4:24-cv-6523-CMC-TER |
| Plaintiff, | ) ) | |
| -vs- | ) ) | **REPORT AND RECOMMENDATION** |
| SHANNA PEELER, JENNIFER NEELY, MELINDA BRACKLES, A. ALLERRE, A. THOMPSON, M.A. BLANTON, and JEREMY RANDALL, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Presently before the court is Defendants' Motion for Summary Judgment (ECF No. 35). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and his claims dismissed. Plaintiff has not filed a response and his time to do so expired August 14, 2025. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.    RULE 41(B)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action

for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. The undersigned entered an Order (ECF No. 13) on December 4, 2024, directing Plaintiff to keep the court apprised in writing if his address changed for any reason "so as to assure that orders or other matters that specify deadlines for you to meet will be received by you." The Order warned Plaintiff: "[i]f as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**." However, the Scheduling Order, entered January 28, 2025, along with another Order filed thereafter, have been returned to the court as undeliverable, with a notation on the envelope stating "released" and "not in jail." See ECF Nos. 27, 34.

Further, after Defendants filed the present motion, the undersigned entered a <u>Roseboro</u> Order (ECF No. 36) warning Plaintiff that a failure to respond to Defendants' motion could result in dismissal of his claims. Plaintiff failed to respond to the motion. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to keep the court apprised of his change of address or respond to the motion for summary judgment. Accordingly, the undersigned concludes that Plaintiff has abandoned his claims. For that reason, dismissal of this case is appropriate under Rule 41(b).

## III.    CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 20, 2025
Florence, South Carolina


**The parties are directed to the important information on the following page.**