IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Casey Maurice Kirkpatrick, #303604,<br><br>      Plaintiff,<br>  vs.<br><br>Shanna Peeler; Jennifer Neely; Melinda Brackles; A. Allerre; A. Thompson; M.A. Blanton; and Jeremy Randall,<br><br>      Defendants. | Civil Action No. 4:24-cv-6523-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights through failure to provide adequate medical attention. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

  Defendants filed a motion for summary judgment on July 11, 2025. ECF No. 35. Because Plaintiff is proceeding *pro se,* the court issued a *Roseboro* order providing an explanation of summary judgment procedures and directing Plaintiff to respond to the motion. ECF No. 36. Plaintiff did not respond to the summary judgment motion.

  On August 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 38. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party has filed objections, and the time to do so has expired. Plaintiff's copy of the Report was returned as undeliverable, as Plaintiff was released from the Spartanburg County Jail. ECF No. 40. Although Plaintiff was informed he was required to notify the court of any address

changes (ECF No. 13 at 3), he failed to submit a change of address after being released from the Spartanburg County Jail.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees the case should be dismissed for failure to prosecute. Plaintiff has failed to notify the court of his address change, and the court therefore has no way to contact him. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
September 9, 2025